IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF PUERTO RICO

**ALEJANDRO LOPEZ** et. al
Plaintiffs

**CIVIL NO.03-1557 (DRD)**

v.

**JOHN BOWERS et al.**,
Defendants

### OPINION AND ORDER

Pending before the Court is co-defendants' unopposed *Motion to Dismiss*. (Docket No. 164). Through said motion, defendants move the Court to dismiss the four (4) remaining plaintiffs in the instant case.[1] Defendants aver that plaintiffs have, once again, failed to comply with this Court's orders, reason for which the instant causes of action should be dismissed.

### I. Motion to Dismiss for Failure to Comply with Court's Orders

On January 21, 2004, co-defendants notified the plaintiffs with their First Set of Interrogatories. On April 19, 2004, the Court granted plaintiffs a final extension of twenty (20) days to submit their answers to defendants' interrogatories. Plaintiffs were unequivocally forewarned that no further extension would be granted. (Docket No. 80). Notwithstanding the Court's clear order, on May 10, 2004, plaintiffs proceeded to inform the Court that the answers to the interrogatories as to five plaintiffs were being submitted, and requested fifteen additional days to submit the remaining plaintiffs' answers. On June 7, 2004, the Court granted the term requested and noted that the petition became moot since the term had expired. (Docket No. 102). Regardless of the plethora of extensions gratuitously granted by the Court, said answers were never filed.

Subsequently, on August 4, 2004, defendants filed before the Court their *Motion to Dismiss for Failure to Comply with the Court's Orders* (Docket No. 124) wherein they requested the dismissal of sixty seven (67) plaintiffs for failure to comply with Court orders,[2] and the dismissal of thirty seven (37) of the plaintiffs who had previously collected the benefits object of the complaint; four (4) additional plaintiffs not eligible for said benefits; and fifteen (15) plaintiffs who do not appear on the record of the pension plan. On August 18, 2004, the Court dismissed with prejudice all claims filed by all but the appearing four plaintiffs. The Court also issued the following

---

[1] These are: Juan Vega Ayala, Miguel Fernandez Velez, Miguel Negron Rivera, and Julio Velez Cedeño.

[2] The Court found that the four surviving plaintiffs had answered co-defendants' First Set of Interrogatories deficiently when said answers simply stated the relationship the person (who was not the plaintiff) answering the interrogatories had with the plaintiff by merely providing their names, addresses and social security numbers, and further stating: "that the information requested from me will be presented and obtained through the testimony of other plaintiffs and other witnesses in this case. My husband [or father] was similarly situated to other plaintiffs and other witnesses in this case who knew him. I expect to prove my claims through all the evidence introduced at trial."

ruling:

> Plaintiffs Juan Vega Ayala, Miguel Fernandez Velez, Miguel Negron Rivera, and Julio Velez Cedeño are hereby **ORDERED** to answer within the next **TWENTY DAYS** [on or before September 7, 2004] co-defendants' interrogatories. <u>Failure to comply with this Court's Order shall entail the immediate dismissal of their claims</u>.

*Opinion and Order*, August 18, 2004, Docket No. 136 at 8 (underline ours).

Finally, on September 7, 2004 – date in which the deadline was to expire – plaintiffs filed before the Court the answer to the interrogatories provided to Miguel A. Negron Rivera, and Miguel A. Fernandez Velez. The Court now makes an affirmative note as to plaintiffs Julio Velez Cedeño, and Juan Vega Ayala's failure to answer the interrogatories. As to the two plaintiffs who did comply with the scheduled deadline, once again, said answers were limited to a non-party-plaintiff answering by simply stating his or her relationship to the plaintiff, providing his or her name, address, and social security number, and further stating: "that the information requested from me will be presented and obtained through the testimony of other plaintiffs and other witnesses in this case. My husband [or father] was similarly situated to other plaintiffs and other witnesses in this case who knew him. I expect to prove my claims through all the evidence introduced at trial."

It is more than clear to the Court that plaintiffs have, for the second time, answered the interrogatories in a deficient manner, thus, blatantly failing to comply with this Court's multiple orders. Furthermore, at no point did said plaintiffs provide good cause, or even an excuse, for their non-compliance. "It has long been understood that certain implied powers must necessarily result to our courts of justice from the nature of their institution, powers which cannot be dispensed within a Court, because they are necessary to the exercise of all others." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991) *citations omitted*. "The effective administration of justice requires that trial court possess the capability to manage their own affairs." <u>Chamorro v. Puerto Rican Cars</u>, 304 F.3d 1, 6 (1st Cir., 2002) *citing* <u>Chambers v. NASCO, Inc.</u>, 501 U.S. at 43. Dismissal for failure to comply with discovery orders is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear [from the First Circuit]." <u>Chamorro v. Puerto Rican Cars,</u> 304 F.3d at 6; <u>Damiani v. R.I.Hosp</u>, 704 F.2d 12, 17 (1st Cir., 1983).

This Court is aware that dismissal with prejudice is a severe sanction, and that reviewing courts "must balance the trial court's authority to impose such a sanction against the obvious policy considerations that favor disposition of cases on the merits." <u>Chamorro v. Puerto Rican Cars, Inc</u>. 304 F. 3d at 4 *quoting* <u>Zavala Santiago v. Gonzalez Rivera</u>, 553 F. 2d 710, 712 (1st Cir. 1977); <u>Richman v. Gen. Motors Corp.</u>, 437 F. 2d 196, 19 (1st Cir. 1971)). However "[i]t is self-evident that 'courts cannot function if litigants may, with impunity, disobey lawful orders.'" <u>Chamorro v. Puerto Rican Cars</u>, 304 F.3d at 4 *citing* <u>HMG Prop. Investorsv Parque Industrial Rio Canas</u>, 847 F.2d 908, 916 (1st Cir., 1988). Hence, a party must never ignore a district court order with impunity. <u>Goldman, Antonetti v. Metlife Int'l Ins.</u>, 982 F.2d 686 at 692 (1st Cir., 1993). Plaintiffs were served with interrogatories on more than one occasion. Moreover, the Court even went as far as to extraordinarily provide them with additional time and advise to answer and file said interrogatories. However, plaintiffs failed to heed to this Court's previous orders and proceeded to re-file clearly

deficient answers to interrogatories even when the Court forewarned them that non-compliance would result in the ultimate dismissal of the instant case. This Court has been more than patient and lenient. Finally, plaintiffs failed to even excuse their lack of compliance. Accordingly, the Court hereby **ORDERS** the **DISMISSAL WITH PREJUDICE** of the all actions of the remaining four (4) plaintiffs – Juan Vega Ayala, Miguel Fernandez Velez, Miguel Negron Rivera, and Julio Velez Cedeño.

## II.  Conclusion

For the reasons stated above, defendants' *Motion to Dismiss* (Docket No. 164) is **GRANTED**. Accordingly, all claims against defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**Date:  June 14, 2005.**                                                               s/Daniel R. Dominguez
                                                                                                       **DANIEL R. DOMINGUEZ**
                                                                                                       **U.S. DISTRICT JUDGE**