UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ALEJANDORO LOPEZ** et. al.,
Plaintiffs

CIVIL NO.03-1557(DRD)

v.

**JOHN BOWERS** et. al.,
Defendants

**ORDER**

Pending before the Court is plaintiffs' *Motion to Reconsider* (Docket No. 168) the *Opinion and Order* (Docket No. 166) issued on June 14, 2005. Through said Opinion & Order, the Court dismissed plaintiffs Juan Vega Ayala, Miguel Fernandez Velez, Miguel Negron Rivera, and Julio Velez Cedeño's claims. Dismissal at that time was motivated by plaintiffs's continued failure to properly answer co-defendant's interrogatory, despite the numerous explicit orders requiring them to answer. Those orders also and forewarned plaintiffs of potential sanctions for non-compliance, not excluding dismissal.

*I.*

Motions for reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). **Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court.** Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R. 1999), *emphasis added*. **These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law.** *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle **may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier"**. Id., at 123. *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa. 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

The Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration. Sierra Club v. Tri-State Generation and Transmission Assoc., Inc., 173 F.R.D 275, 287 (D.C. Col. 1997); Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). Notwithstanding, any motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under Fed.R.Civ.P. 59(e) if it seeks to change the order or judgment issued. Id. Further, although Rule 59(e) refers to judgments, i.e rulings that are appealable, Rule 59(e)'s legal standards will be applied to motions for reconsideration of interlocutory orders. *See* Waye v. First Citizen's National Bank, 846 F.Supp. 310 (request for reconsideration of

an interlocutory order denying plaintiff's motion for a default judgment); Atlantic Sales Legal Foundationn v. Karg Bros. Inc., 841 F.Supp. 51, 55 (N.D.N.Y. 1993) (motion for reconsideration of an order granting in part and denying in part a motion for summary judgment); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99F.R.D 99 (E.D Va. 1983) (motion for reconsideration of order denying motion to dismiss).

As a general rule, motions for reconsideration should only be exceptionally granted. As the Western District Court of Pennsylvania has wisely explained:

> [M]otions for reconsideration must be strictly reviewed for at least four reasons.  First, it would tend to undercut the court's first decision and transform it into an advisory opinion, which is prohibited.  Second, motions for reconsideration run counter to the operation of the Federal Rules of Civil Procedure, which provide all the necessary safeguards to promote fair decisions.  Third, broad interpretation of motions for reconsideration is not supported by controlling precedent.  And last but not least, reconsideration of dispositive decisions...hinders the court's ability to decide motions awaiting resolution that have yet to be reviewed once, let alone twice.

Williams v. City of Pittsburgh, 32 F.Supp. 2d 236, 238 (W.D. Penn. 1998).

Thus, in interest of finality, at least at the district court level, motions for reconsideration should be granted **sparingly** because parties should not be free to relitigate issues a court has already decided.  Id. (*citing* New Chemic (U.S), Inc. v. Fire Grinding Corp., 948 F.Supp. 17, 18-19 (E.D Pa. 1996).  "Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly".  Williams v City of Pittsburgh, 32 F.Supp.2d at 238. A district court may, however, grant a party's motion for reconsideration in any of three situations: (1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice.  Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D.Pa. 1992).

"A motion for reconsideration of an order to grant [or deny] summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure".  Trabal Hernandez v.Sealand Service, Inc., 230 F.Supp.2d 258, 259 (D.P.R. 2002); Rosario Rivera v. PS Group of P.R., Inc., 186 F.Supp.2d 63, 65 (D.P.R. 2002).  "These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence".  Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; F.D.I.C v. World Univ. Inc., 978 F.2d 10,16 (1st Cir.1992); Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d at 123.  Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment".  Pacific Insurance Company v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir., 1998) "Neither are Rule 59(e) motions appropriate 'to repeat old arguments previously considered and rejected'." Trabal Hernandez v. Sealand Services, Inc. 230 F.Supp. 2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; Colon v. Fraticelli-Viera 181 F.Supp.2d 48, 49 (D.P.R 2002). **Hence, "motions for reconsideration are 'extraordinarily remedies which should be used sparingly'."** Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat'l Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123; and are **"typically denied"**, 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 2810.1 at 128 (2d ed. 1995) *emphasis added*.

A Rule 60(b) motion permits the Court to "relieve a party...from a final judgment, order, or proceeding" for the specifics instances prescribed by the rule.  However, Rule 60(b)(6) applies only in exceptional and extraordinary circumstances, that is, "unusual and extreme situations where principles of equity *mandate* relief" Jinks v. Alliedsignal Inc., 250 F.3d at 387, *citing* Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990) *emphasis in the original*. This remedy motion is not to be used as a substitute for appeal.  *See* Jinks v. Alliedsignal Inc., 250 F.3d 381, 386, *citing* Greenwood Explorations Ltd v. Mert Gas & Oil Corp., Inc., 837 F.2d 423, 427 (10th Cir. 1988).

With these parameters in mind, the Court reviews plaintiffs' request for reconsideration as to its previous decision granting defendants' request for summary disposition.

## *II.*

On January 21, 2004, co-defendant notified plaintiffs with their First Set of Interrogatories. Since said date, the Court has repeatedly ordered plaintiffs to submit a complete and responsive answer to co-defendant's interrogatory.  Subsequently, on April 19, 2004 the Court granted plaintiffs a twenty (20) day extension to answer the interrogatory.  Through this order, the Court explicitly noted that no further extension would be granted. (Docket No. 80).  On June 7, 2004, after having emphasized that no further extensions would be allowed, the Court gratuitously granted a generous fifteen (15) day further extension to plaintiffs to finally comply with previous orders to answer.  On August 18, 2004, the Court, aware that plaintiffs had yet to answer co-defendant's interrogatories,  granted defendants' *Motion to Dismiss for Failure to Comply with the Court's Orders* (Docket No. 124) dismissing with prejudice all claims except those filed by plaintiffs Juan Vega Ayala, Miguel Fernandez Velez, Miguel Negron Rivera, and Julio Velez Cedeno.  As to these four plaintiffs, the Court instructed them to answer the interrogatories within the next twenty (20) days and unequivocally advised them that "failure to comply with this Court's Order shall entail the immediate dismissal of their claims." (Docket No. 136 at 8).  The twenty (20) day period expired on September 7, 2004.  On that date plaintiffs Miguel A. Negron Rivera and Miguel A. Fernandez Velez filed their answer to co-defendant's interrogatory.  However, the answers provided are limited to only stating plaintiffs' names, social security number, and further stating:

> that the information requested from me will be presented and obtained through the testimony of other plaintiffs and other witnesses in this case.  My husband [or father] was similarly situated to other plaintiffs and other witnesses in this case who knew him.  I expect to prove my claims thorough all the evidence introduced at trial.

The Court considered such a response to be deficient and consequently not sufficient to comply with the Court's mandate.  Consequently, the Court considered that plaintiffs Julio Velez Cedeno and Juan Vega Ayala never submitted an answer to co-defendant's interrogatory.  Finally, on June 14, 2005, the Court, noting plaintiffs complete disregard for the Courts' mandates, dismissed with prejudice the claims of the above mentioned four plaintiffs.  Plaintiffs now ask the Court to reconsider its decision.

Plaintiffs base their request on their "low degree of scholarship," counsel's inability to communicate with plaintiffs, and plaintiffs' inability to remember the events that give rise to their claims. (Docket No. 168 at ¶2 and ¶3). As we have previously stated in innumerable occasions, a District Court should grant a motion for reconsideration only when the proponent of such a motion "offers new evidence not previously available," when there has been "an intervening change in

controlling law," or when the proponent can demonstrate that there has been a "clear error of law" in which case the Court should reconsider the matter in order "to prevent manifest injustice." Dodge v. Susquehanna University, 796 F.Supp. 829, 830 (M.D.Pa. 1992). The particular circumstances exposed by plaintiffs in this case are not enough to move the Court to set aside its previous decision.

Through the Court's Opinion and Order of June 14, 2005 (Docket No.166), the Court irrefutably noticed that "at no point did said plaintiffs provide good cause, or even an excuse, for their non-compliance."(Docket No. 166 at p.2). What is more, the Court could have very well considered plaintiffs' situation if plaintiffs would have diligently brought these issues to the Court's attention. In fact, the Court made every effort to accommodate plaintiffs, as the record reflects. To that effect, the Court was overly generous by gratuitously granting several extensions to plaintiffs. However, at this stage of the game, it is simply too late to make any further accommodations.

In addition, plaintiffs challenge the Court's ruling regarding the insufficiency of plaintiffs Miguel A. Negron Rivera and Miguel A. Fernandez Velez answers to the interrogatories. Plaintiffs assert that "it is perfectly adequate to indicate that they intend to prove their causes of action through other persons who have a more precise recollection of the events."(Docket No.168 at ¶3). Nevertheless, the deficiency of plaintiffs' answers was already determined by this Court and "a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." Williams v. City of Pittsburgh, 32 F. Supp. 2d at 238

Finally, in their *Motion for Reconsideration*, plaintiffs qualify the Court's decision to dismiss their claims as a harsh remedy and insist that "the harshness of this Honorable Court's remedy should lead it to a reconsideration."(Docket No. 168 at ¶5). Notwithstanding, the Court finds no legal foundation for the proposition that a District Court should reconsider its decision because of the harshness of the remedy it mandates, least of all in situations like the one presented before us in this case where the moving party was the one that triggered the dismissal by its own inaction. Furthermore, plaintiffs should not be surprised by the Court's decision to dismiss their claims provided that, despite plaintiffs' contentions, the Court warned plaintiffs on several occasions that their non-compliance would result in dismissal.

Motions for reconsideration are an extraordinary remedy which should be sparingly granted. *See* Trabal Hernandez v. Sealand Services, Inc., 230 F.Supp.2d at 259; Nat's Metal Finishing Co. Trabal Hernandez v. Sealand Services, Inc., 899 F.2d at 123. Wherefore, plaintiffs having failed to bring forth any new evidence that would entitle them to such exceptional remedy, the Court **DENIES** their request for reconsideration (Docket No. 168).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of November of 2005

S/ Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**